## *In re* ESSELBORN.

*(Circuit Court, S. D. New York.. September 20, 1881.)*

1. CRIMINAL LAW—DISCHARGE—RIGHT TO—PROBABLE CAUSE.

A defendant, who is held to await the action of the grand jury, is entitled to his discharge on the discharge of the jury, when no indictment has been found against him. *Held, also,* that there was then no longer any necessity for this court to pass on the question whether probable cause had been shown for holding him to await the action of the grand jury.

On Motion. The facts appear in the opinion.

*Sutherland Tenney,* Asst. Dist. Atty., for the United States.

*Roger M. Sherman,* for defendant.

BLATCHFORD, C. J. In this case a writ of *habeas corpus,* returnable before this court forthwith, was issued on April 5, 1881, to the marshal of the United States for this district, to produce the body of George Esselborn, with the cause of his imprisonment. At the same time a writ of *certiorari* was issued to a United States commissioner to certify the cause of the detention of said Esselborn. The commissioner certified the proceedings before him, consisting of a complaint alleging a criminal offence, and the testimony taken upon the examination on the surrender of the defendant on the complaint. The return of the marshal to the writ showed that a warrant of arrest on the complaint was issued by the commissioner to the marshal; that the defendant appeared before the commissioner and an examination was had, and the defendant was held to await the action of the grand jury; that the commissioner ordered that the defendant be discharged upon his own recognizance; that the defendant refused to give such recognizance; and that the commissioner then committed the defendant to the marshal in default of having given such recognizance. The case came before the court on the foregoing papers, and on April 5, 1881, the court made an order "that the defendant may depart without giving any recognizance, subject to the issuing of a new warrant, if ordered by this court." Nothing has since been done in the matter, and the counsel who appeared for the defendant, now, in September, 1881, asks the court to pass on the question as to whether the evidence before the commissioner constituted probable cause for holding the defendant to await the action of the grand jury, and to hold that it did not, and to discharge the defendant. The district attorney states that since the said order of April 5, 1881, was made, a grand jury has met and been discharged without indicting the defendant; that no information has been filed against him; that he is not

in actual or constructive custody; that there is nothing to discharge him from; and that it would be a waste of time to pursue the *habeas corpus* proceedings any further. Under section 752 of the Revised Statutes the writ of *habeas corpus* is granted "for the purpose of an inquiry into the cause of restraint of liberty." There is not now in this case any such restraint of liberty, or any such state of facts, as requires that this court should pass on the question as to whether the defendant ought originally to have been held or committed to await the action of the grand jury, even if it would at any time have passed on that question. The defendant was held and committed only to await the action of the grand jury; and, as no indictment or information has been filed against him, he is entitled to be discharged on that ground, and an order to that effect and for that cause may be entered if desired.

Motion denied.