## WONG DOO *v.* UNITED STATES.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
SIXTH CIRCUIT.

No. 736.   Argued April 10, 1924.—Decided May 26, 1924.

1. The strict doctrine of *res judicata* does not apply to *habeas corpus*. *Salinger* v. *Loisel, ante,* 224.   P. 241.
2. But the court, in its sound discretion, may dismiss a petition for *habeas corpus* because of a prior refusal, when the ground for the second application was set up, with another, in the first, and when the evidence to support it then was withheld without excuse for use on a second attempt if the first failed.   *Id.*
3. Where unreasonable delays have been caused by resort to *habeas corpus* proceedings, the mandate of this Court will issue forthwith. *Id.*

293 Fed. 273, affirmed.

CERTIORARI to a judgment of the Circuit Court of Appeals affirming a decision dismissing a petition for *habeas corpus.*

*Mr. William J. Dawley* and *Mr. Jackson H. Ralston,* with whom *Mr. George W. Hott* was on the briefs, for petitioner.

*Mr. George Ross Hull,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* was on the brief, for the United States.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

This is a second petition for a writ of *habeas corpus* by a Chinese in custody under an order of deportation issued under § 19 of the Immigration Act of February 5, 1917, c. 29, 39 Stat. 874.

In the first petition the validity of the order was assailed on two grounds: one that the Secretary of Labor

issued it without lawful jurisdiction, and the other that the administrative hearing on which it rested was not adequate or fair but essentially arbitrary. The return, besides answering the first ground, denied there was in fact any basis for the second. At the hearing in the District Court on these issues the petitioner offered no proof in support of the second ground. The court ruled that the first was not good in law, remanded the petitioner and dismissed his petition. He appealed to the Circuit Court of Appeals, and it affirmed the decision.

Later the second petition was presented to the same District Court. In it the petitioner relied entirely on the second ground set forth before. There was some elaboration in stating it, but no enlargement of the substance. The petitioner sought to distinguish the two petitions by alleging in the second that the earlier one was "based solely" on the jurisdictional objection; but that allegation was not true. The return in the second case fully denied the charge that the administrative hearing was inadequate, unfair and arbitrary; set up the prior petition and the proceedings thereon, and prayed a dismissal of the second petition.

After a hearing, the District Court ruled that the doctrine of *res judicata* applied; held the decision in the first case was conclusive in the second; remanded the petitioner, and dismissed the petition. 283 Fed. 989. On an appeal to the Circuit Court of Appeals that decision was affirmed. 293 Fed. 273.

In *Salinger* v. *Loisel,* just decided, *ante,* 224, we held that in the federal courts the doctrine of *res judicata* does not apply to a refusal to discharge a prisoner on *habeas corpus;* but that in those courts, where the prisoner presents a second petition, the weight to be given to the prior refusal is to be determined according to a sound judicial discretion guided and controlled by a consideration of whatever has a rational bearing on the subject.

It therefore must be held that in this case the courts below erred in applying the inflexible doctrine of *res judicata*. But it does not follow that the judgment should be reversed; for it plainly appears that the situation was one where, according to a sound judicial discretion, controlling weight must have been given to the prior refusal. The only ground on which the order for deportation was assailed in the second petition had been set up in the first petition. The petitioner had full opportunity to offer proof of it at the hearing on the first petition; and, if he was intending to rely on that ground, good faith required that he produce the proof then. To reserve the proof for use in attempting to support a later petition, if the first failed, was to make an abusive use of the writ of *habeas corpus*. No reason for not presenting the proof at the outset is offered. It has not been embodied in the record, but what is said of it there and in the briefs shows that it was accessible all the time. If an alien whose deportation has been ordered can do what was attempted here, it is easy to see that he can postpone the execution of the order indefinitely. Here the execution already has been postponed almost four years.

We conclude that the judgment was right, although a wrong reason was given for it. The delay resulting from the course pursued by the petitioner has been unreasonable; so the mandate from this Court will issue forthwith.

*Judgment affirmed.*