**UNVERZAGT v. UNITED STATES.**

(Circuit Court of Appeals, Ninth Circuit. May 5, 1925.)

No. 4415.

Habeas corpus ⟨⟩10—One who executed bond conditioned on appearance in other district could not maintain habeas corpus proceedings.

Where accused against whom proceedings for removal to other district for trial had been instituted, executed bond conditioned on his personal appearance before court of other district to answer indictment, the execution and acceptance of the bond precluded his right to habeas corpus.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington.

Petition for writ of habeas corpus by Charles H. Unverzagt against the United States. From an order denying the petition, petitioner appeals. Affirmed.

Marshall B. Woodworth, of San Francisco, Cal., and John T. Casey, John F. Dore, and F. C. Reagan, all of Seattle, Wash., for appellant.

Thos. P. Revelle, U. S. Atty., and John A. Frater, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The appellant appeals from the order of the court below denying his petition for a writ of habeas corpus. In the petition he set forth that he had been arrested and brought before a United States commissioner in pursuance of an indictment found in the District Court of the United States for the Western District of New York; that the commissioner denied his right to introduce testimony to disprove probable cause and to show that he was not guilty as charged in the indictment; that the United States attorney offered no evidence before the commissioner to support the allegations of the indictment; that the commissioner required the petitioner to give bond in the sum of $10,000 to appear before the District Court of the United States for the Western District of New York; and that, upon the petitioner's refusal to give said bail, he was remanded by the commissioner to custody, and was unlawfully detained and restrained of his liberty by the United States marshal for the district of Washington. It was not alleged in the petition that a final hearing had been had before the commissioner on the question of probable cause, or that an order of removal had been made by the lower court; but upon the transcript of the record which is before us it appears that on June 27, 1924, and before an order of removal was made by the court below, and four months prior to taking the present appeal, the appellant executed and presented to that court his bond in the sum of $10,000, conditioned upon his personal appearance before the District Court of the United States for the Western District of New York on the first day of the next term of said court to answer to the indictment, and that the bond was approved and accepted by the

judge of the court below and was transmitted to said New York court.

The execution and acceptance of the bond precluded the appellant's right to habeas corpus. He was no longer restrained of his liberty. In Stallings v. Splain, 253 U. S. 339, 343, 40 S. Ct. 537, 539, 64 L. Ed. 940, the court said: "Furthermore, by voluntarily giving bail to appear in Wyoming, the purpose of the removal proceedings had been accomplished, and all questions in controversy in the habeas corpus and in the removal proceedings terminated. Whether his arrest and detention had originally been valid was thereby rendered immaterial. In re Esselborn, 8 F. 904. And likewise the question whether there was a right then to remove him."

The order of the court below is affirmed. In view of the unreasonable delay caused by the appellant, it is ordered the mandate from this court issue forthwith. Wong Doo v. United States, 265 U. S. 239, 44 S. Ct. 524, 68 L. Ed. 999.