**SHAPIRO v. KING, Warden.**

No. 12102.

Circuit Court of Appeals, Eighth Circuit.

Feb. 25, 1942.

---

Before STONE, THOMAS, and JOHNSEN, Circuit Judges.

STONE, Circuit Judge.

This is an appeal in a habeas corpus proceeding by appellant against the warden of the Medical Center at Springfield, Missouri, where appellant is confined.

The only basis presented here for reversal is that an unlawful sentence has extended the imprisonment beyond a lawful term.

Appellant was convicted in the Southern District of New York on all four counts in each of two indictments (identified as C95-924 and C95-926) both of which charged violations of Sections 1 and 2 of the Sherman Anti-Trust Act, 15 U.S.C.A., §§ 1 and 2. Each indictment contained four counts which were similar in allegation: the first count was for conspiring to restrain interstate commerce; the second was for conspiring to monopolize interstate commerce; the third for attempting to monopolize such commerce; and the fourth with monopolizing such commerce. One difference between the indictments was that the first had to do with commerce in "raw, dressed and dyed rabbit skins", while the second had to do with "raw, dressed and dyed fur skins, such as fox, raccoon, beaver, leopard, badger, seal, ermine, martin, lynx, wolf, weasel, sable, fitch, skunk, kolinsky, opossum, otter, guanaquito, ocelot, mole, muskrat, squirrel and mink."

Under the first indictment the sentence was one year imprisonment on each of the four counts, the sentences on counts one and two to run consecutively, and the sentences on counts three and four to run concurrently with each other and with the sentence imposed on count two; and a fine of $5,000.00 upon each of counts one and two—thus the total sentence amounted to imprisonment for a period of two years and the imposition of a fine of $10,000.00. In the second case the sentence was one year imprisonment on each of the four counts, the sentences on counts one, two and four being made to run consecutively with each other and with the sentences imposed under the first case, while the sentence on the third count was made to run concurrently with the other three counts of the indictment; and a fine of $5,000.00 was imposed upon each of counts one, two and four—thus making the total sentence for three years with a fine in the amount of $15,000.00. Before the filing of this pe-

Ralph R. Quillian, of Atlanta, Ga. (Frank Brockus, of Kansas City, Mo., on the brief), for appellant.

Thomas A. Costolow, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., and William W. Barron, of Washington, D. C., Atty., Department of Justice, on the brief), for appellee.

tition for habeas corpus, appellant had served three years and paid the entire amount of the fines imposed against him. The asserted grounds for relief against the alleged over-sentence are based upon two contentions: one is that the sentences imposed upon counts one and two of each of the indictments are for the same offense; the other is that counts one and two of the second indictment include the offenses alleged in counts one and two of the first indictment.

## First Contention.

The substance of the argument in support of the contention that counts one and two of each of the indictments cover the same offense is that each of these counts is for a conspiracy which is the same conspiracy in count one and count two of each indictment. Count one of each indictment is based upon Section 1 of the Act, which makes "every * * .* conspiracy, in restraint of trade or commerce among the several States" illegal. The second count of each indictment is based upon Section 2 of the Act which declares guilt of every person who shall conspire "to monopolize any part of the trade or commerce among the several States." Appellant insists that there was but one conspiracy here and that the circumstance that this conspiracy might violate separate sections of the Act does not, for that reason, allow the single conspiracy to be treated as two crimes. It is true that the gist of each of these counts is the conspiracy. Also, it is true that there was but one conspiracy here in each indictment. Again, it is true that this one conspiracy had the double effect and purpose of restraining interstate commerce and of monopolizing interstate commerce. Therefore, the issue presented here is whether a single conspiracy, the purpose and effect of which is to commit two separate criminal acts, may be treated and punished as two separate offenses.

■ It may be so treated here. It has been definitely settled that Section 1 and Section 2 of the Sherman Act cover different matters and that a conspiracy in restraint of trade which violates Section 1 is not identical with a conspiracy to monopolize trade which violates Section 2. United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 224 footnote 59, 60 S.Ct. 811, 84 L.Ed. 1129; also, see Beddow v. United States, 8 Cir., 70 F.2d 674, 676. It is true that a monopoly in interstate trade of a particular article or business may, naturally and or-dinarily, result in a restraint of that trade but this is not so necessarily true as to make a monopoly always a restraint.

## Second Contention.

The argument supporting the contention that counts one and two of the second indictment cover the offenses charged in counts one and two of the first indictment is based on the claim that the second indictment covered "furs" generally, which would include "rabbit furs", therefore, that a conspiracy to restrain trade in or to monopolize "furs" would include a conspiracy covering "rabbit skins" and that since these alleged conspiracies cover the same periods and places and general incidents the first indictment (covering rabbit skins) is simply a splitting off of a portion of the offense covered by the second indictment.

■ It is true that the second indictment covered furs rather generally while the first indictment had reference only to rabbit skins. However, a comparison of the two indictments shows clearly two separate conspiracies. One related to a list of furs set out in the indictment, which excluded rabbit skins. The other was confined to rabbit skins. While some of the persons engaged in both conspiracies, yet the personnel and some of the active agencies were entirely different. It is quite clear that the evidence to support the charges of one of these indictments would not satisfy the other.

## Habeas Corpus

■ A matter brought to our attention is that the first contention here was presented by appellant and determined adversely by the Second Circuit in United States v. Buchalter, 88 F.2d 625, while it is stated in the opinion on the appeal from the conviction under the second indictment that appellant conceded the validity of the sentence thereunder. United States v. Shapiro, 2 Cir., 103 F.2d 775, 776. This situation does not prevent an application to test the validity of the sentences by habeas corpus (compare Wong Doo v. United States, 265 U.S. 239, 240, 44 S.Ct. 524, 68 L.Ed. 999, and Salinger v. Loisel, 265 U.S. 224, 230, 44 S.Ct. 519, 68 L.Ed. 989), although it may affect or control the determination of the merits in the habeas corpus hearing.

The judgment denying the writ and dismissing the petition should be and is affirmed.