## HILLIARD v. JOHNSTON, Warden.
### No. 27567.

District Court, N. D. California, S. D.
Oct. 20, 1947.

Frank Hennessey, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

HARRIS, District Judge.

Petitioner, in effect, seeks to retry the issues involved in a prosecution under 18 U.S.C.A. § 400. The sordid facts were fully tried by a District Court and jury resulting in petitioner's conviction (Exhibit "A" attached to Return to Order to Show Cause). Later an appeal was prosecuted wherein many, if not all, of the grounds presently urged were considered by the 4th Circuit. Hilliard v. United States, 121 F.2d 992, certiorari denied 314 U.S. 627, 62 S.Ct. 111, 86 L.Ed. 503.

Hilliard since his removal to Alcatraz Penitentiary has filed successive applications, all of which have been denied or dismissed. (District Court Numbers 24,523G, 24,714R, 25,212R, 25,840R, 26,830, 27,269R, 25,751S, [It should be noted that No. 26,830 was a petition directed to Judge Denman of the Circuit Court of Appeals, and after due consideration, the petition was denied.])

■ A review of the proceedings antedating the instant petition has been made. Hilliard's vituperative petitions reflect that he seeks to use this vehicle as a sounding board for wholesale attacks upon trial counsel, District Court, Circuit Courts, with an occasional thrust at the Director of Prisons. Invective, scurrilous matter and mere generalities cannot supply merit to an otherwise groundless petition.

■ The record in the instant case fails to disclose any reason, cause, or additional ground which would persuade this court to grant the Writ.

In the light of adjudications by members of this Court, and prior denials of petitioner's applications, a clear ground is afforded for the exercise of a sound discretion in denying the petition for Writ of Habeas Corpus.[1] Any other conclusion would lead to a perversion of the traditional purposes of the Writ of Habeas Corpus and give further sanction to the growing practice of certain inmates of Alcatraz Penitentiary in deluging the courts with groundless petitions.[2] Either the Writ of Habeas Corpus is to serve its well-defined purpose or it is to become a Judicial plaything.[3]

Accordingly, the petition should be and is hereby dismissed, and the order to show cause is discharged.

[1] Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989; Wong Doo v. United States, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999; Swihart v. Johnston, 9 Cir., 150 F.2d 721; Price v. Johnston, 9 Cir., 161 F.2d 705.

[2] McMahan v. Johnston, 9 Cir., 163 F. 2d 783.

[3] Compare "Use and Abuse of the Writ of Habeas Corpus," by Honorable Louis E. Goodman, Judge U. S. District Court for the Northern District of California, 7 F.R.D. 313.