

George L. Saunders, Jr., Chicago, Ill., Robert Dewey Hilbrich, pro per., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before SCHNACKENBERG, KNOCH and FAIRCHILD, Circuit Judges.

**Robert Dewey HILBRICH, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 15730.**

United States Court of Appeals Seventh Circuit.

Jan. 24, 1967.

SCHNACKENBERG, Circuit Judge.

Robert Dewey Hilbrich, petitioner, has appealed from an order of the district court entered April 15, 1966 denying his motion, based upon 28 U.S.C. § 2255, to vacate and set aside his sentence of June 11, 1963 to 15 years imprisonment.

It appears from petitioner's brief that a savings and loan association was robbed by three persons and that subsequently one of them, later identified as Stanley Berger, was apprehended with the stolen money in his possession, while the other two robbers, Hilbrich and Nicholas Jacop Uselding, managed to escape from pursuing police but were later arrested and, together with Berger, were indicted.

The petition recites that Berger entered a plea of guilty and was sentenced to eight years' imprisonment and that Judge William J. Campbell, the trial judge, stated that in imposing sentence he was giving consideration to defendant Berger for his plea of guilty.

Several months later petitioner and Uselding were convicted on a trial by jury before the same judge. Due to the

judge's illness, on June 11, 1963, petitioner was taken before Judge Walter J. La Buy for sentencing, after petitioner had expressly agreed that he should handle the sentencing instead of waiting for Judge Campbell's recovery.

It appears from petitioner's brief, filed by his counsel, that when Judge La Buy was about to impose sentence he stated that he had read the record of previous proceedings herein and that after being informed of petitioner's previous record and having heard the arguments of government's counsel against any leniency, he imposed, without stating his reasons, the 15 years' sentence. He also sentenced Uselding to 15 years.

Hilbrich and Uselding appealed to this court from their convictions. We affirmed.[1]

In support of petitioner's motion under section 2255, petitioner filed his own affidavit stating

"That prior to my trial, the Assistant United States Attorney stated to me 'that if I agree not to go to trial and enter a plea of guilty and testify against Uselding, that he would see to it that I receive a similar sentence as was imposed on Berger, otherwise, if I went to trial he would see to it that I received a sentence twice as great.'"

It will be observed that a sentence of 15 years, as imposed on Hilbrich, was also imposed on Uselding and is within the statutory maximum of 25 years and $10,000 fine, 18 U.S.C. § 2113(d).

This case is not controlled by our holding in United States v. Wiley, 278 F.2d 500 (1960). Here the sentencing judge was not the trial judge. Judge La Buy, with many years of experience as a federal judge, was able to and, we have no reason to doubt, did properly consider the rights of Hilbrich when sentencing him. The suggestion implicit in Hilbrich's appeal that Judge La Buy was influenced by the sentence which Judge Campbell had imposed upon Berger is speculative and wholly inconsistent with

the record and the integrity of Judge La Buy.

For these reasons we affirm the order from which this appeal was taken.

Order affirmed.

---

1. 341 F.2d 555 (7 Cir. 1965), cert. denied 381 U.S. 941, 85 S.Ct. 1775, 15 L.Ed.2d 704.