Robert Dewey **HILBRICH**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 16885.

United States Court of Appeals Seventh Circuit.

Feb. 3, 1969.

Albert Ritchie, Chicago, Ill., for petitioner-appellant.

Thomas A. Foran, U. S. Atty., Samuel K. Skinner, Asst. U. S. Atty., Chicago, Ill., for respondent-appellee, John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel.

Before DUFFY, Senior Circuit Judge, and FAIRCHILD and KERNER, Circuit Judges.

DUFFY, Senior Circuit Judge.

This is an appeal from the denial of a petition under Title 28 U.S.C. § 2255 to vacate a sentence of fifteen years' imprisonment imposed upon defendant after he was found guilty by a jury of the federal crime of bank robbery.

Petitioner urges as a ground for setting aside his conviction, that his confession was °obtained after an unlawful delay in taking him before a judicial of-

ficer for a preliminary hearing. Petitioner denies the Government's assertion that he is, in effect, endeavoring to have the rules which were laid down in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, applied retroactively to this case. However, petitioner's attorney frankly admits that he is asking this Court to enlarge the protection established by the Supreme Court in *Miranda*. If there is to be any extension or broadening of the rule in *Miranda*, the Supreme Court should undertake that task. We decline the invitation.

The principal contention of petitioner on this appeal is that his confession was obtained as the direct result of a threat to arrest petitioner's father and brothers unless he confessed, and that his confession was the result of coercion. The District Court denied the petition herein without a hearing.

Shortly after 9 a. m. on Saturday, November 17, 1962, the Oak Lawn Federal Savings and Loan Association, a federally insured institution, located in the village of Oak Lawn, a suburb of Chicago, was robbed by three persons. Before 9:30 a. m., petitioner was arrested by an officer of the Oak Lawn Police Department. The FBI was notified and before noon one or more of these agents interrogated petitioner who requested that he might speak to FBI agent Loy Wagoner. No reason for such request appears in the record except that petitioner may have been an acquaintance of Wagoner.

Agent Wagoner was notified and arrived about 2 p. m. Inculpatory statements were made in Wagoner's presence at about 3 p. m. These included a detailed plan of the robbery.

After further questions by Wagoner and other agents, and at about 5 p. m., petitioner was placed under federal arrest and was taken to the FBI office in Chicago. Sunday intervened, and on Monday, November 19, petitioner was brought before a judicial officer for a preliminary hearing.

Petitioner was brought to trial before a jury in April 1963. He appealed his conviction to this Court. In our opinion affirming petitioner's conviction, we said (341 F.2d at page 558): "Hilbrich contends that testimony concerning his alleged confession to FBI agent Wagoner was inadmissible because the confession was obtained illegally. He does not contend that the confession was coerced, but that he was not taken 'without unnecessary delay before the nearest available commissioner * * *.'" We further stated at page 558 "We affirm the district court's denial of the motion but prefer to base our ruling on the fact that the record shows that Hilbrich had been arrested by Oak Lawn and not by federal officers." We also pointed out (page 559): "No claim of coercion is made here and there was no error in denying the motion to suppress."

Certiorari was denied, 381 U.S. 941, 85 S.Ct. 1775, 14 L.Ed.2d 704. In his petition for certiorari, petitioner asked for "a review of the Court of Appeals' ruling on the admissibility of petitioner's confession in order to maintain the integrity of its Mallory decision."

Petitioner was before this Court for a second time when he appealed from a District Court order denying his petition under Title 28 U.S.C. § 2255, to vacate and set aside his sentence. He there complained he had been promised a sentence similar to that imposed on one Berger. We affirmed the order of the District Court. Hilbrich v. United States, 371 F.2d 826.

Now, on the third round before this Court, petitioner, for the first time, makes charges that his confession was obtained by some agent or police officer threatening that unless he confessed to the bank robbery, his father and brothers would be arrested. There is nothing in his petition or in the record to explain why such serious charges had not been previously called to the attention of the District Court.

In Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, the Court said at page 15, 83 S.Ct. at page 1077: "We think the judicial and statutory evolution of the principles governing

successive applications for federal habeas corpus and motions under § 2255 has reached the point at which the formulation of basic rules to guide the lower federal courts is both feasible and desirable." The Court then proceeded to outline procedures to be followed.

In *Sanders*, the Court sought to deal with two related though distinct problems. The first is that of a successive motion based on the same ground raised before. "By 'ground', we mean simply a sufficient legal basis for granting the relief sought by the applicant." (Sanders, supra, at page 16, 83 S.Ct. at page 1077). Here, the petitioner previously sought to have the confession excluded as a consequence of a delay in taking him before a judicial officer for a hearing. Now he asserts that the confession was obtained as a result of coercion. It is true that the immediate result sought is the same—the exclusion of the confession. However, such a generalization would seem to be too broad. In Sanders, supra, at page 16, 83 S.Ct. at page 1077, the Court said: "Should doubts arise in particular cases as to whether two grounds are different or the same, they should be resolved in favor of the applicant." We therefore hold that this motion is not based on the same ground as the previous one relating to the delay in the hearing.

The second problem discussed in *Sanders* is closely related to the first. That is the difficulty of successive motions which raise matters not considered before, but which could have been. Busy federal district courts should not be required to entertain needless, piecemeal litigation or to entertain collateral proceedings whose only purpose is to vex, harass or delay. (Sanders, supra, at page 18, 83 S.Ct. 1068).

In Sanders, supra, page 10, 83 S.Ct. at page 1074: " * * * [T]he prisoner who on a prior motion under § 2255 has deliberately *withheld* a ground for relief need not be heard if he asserts that ground in a successive motion; his action is inequitable—an abuse of the remedy—and the court may in its discretion deny him a hearing." (Emphasis supplied)

*Sanders* followed a previous case, Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356, in allocating the burden of pleading abuse of the writ. In *Price* it was stated: "And so if the Government chooses not to deny the allegation or to question its sufficiency and desires instead to claim that the prisoner has abused the writ of *habeas corpus*, it rests with the Government to make that claim with clarity and particularity in its return to the order to show cause. This is not an intolerable burden. The Government is usually well acquainted with the facts that are necessary to make such a claim. Once a particular abuse has been alleged, the prisoner has the burden of answering that allegation and proving that he has not abused the writ. If the answer is inadequate, the court may dismiss the petition without further proceedings. But if there is a substantial conflict, a hearing may be necessary to determine the actual facts. Appropriate findings and conclusions of law can then be made. In this way an adequate record may be established so that appellate courts can determine the precise basis of the district court's action, which is often shrouded in ambiguity where a petition is dismissed without an expressed reason. And the prisoner is given a fairer opportunity to meet all possible objections to the filing of his petition." (Price, supra, at 292, 68 S. Ct. at 1063).

Although *Price* was decided prior to the enactment of the statutory procedure, the principles set forth have not been foreclosed (Sanders, supra, at 12, 83 S.Ct. 1068.) See Haith v. United States, 330 F.2d 198, 199 (3 Cir., 1964). Therefore, we are unable to say that the Government here has met its burden of pleading abuse of the remedy with the particularity outlined in *Price*.

The prisoner has alleged that a threat to arrest his father and brothers induced him to confess. Certainly he was at all times aware of this threat since, if

made at all, it was directed to him. In Wong Doo v. United States, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999, the prisoner, in his first application, tendered two grounds, but at the hearing offered no proof of his second ground. The court held he could not raise the matter in a second application, since the proof was available the first time and no reason was offered for not producing it.

In *Price*, the prisoner alleged for the first time in his fourth application, the knowing use of perjured testimony by the prosecution. There, however, "* * for aught the record disclosed petitioner might have been justifiably ignorant of the newly alleged facts or unaware of their legal significance." *Sanders*, supra at page 10, 83 S.Ct. 1068, at page 1074. Here, it is difficult to believe that petitioner was unaware that the threat had potential legal significance.

■ However, applying the rules laid down in *Sanders* and *Price*, it is quite clear that we cannot positively say that petitioner deliberately withheld his charge of coercion by threats pertaining to his father and brothers. He may have done so, but applying the rules promulgated by the Supreme Court we feel we have no alternative but to hold that if petitioner is to be precluded from presenting his allegations for consideration on the merits because of abuse of remedy, it is for the Government to so plead. Here this was not done.

■ It is always open to the Court, of course, in cases of a second or successive motion, to deny relief where the application is shown, on the basis of the application, files, and records, to be conclusively without merit. Here, however, the records of the case contain nothing that is inconsistent with petitioner's claim. In Machibroda v. United States, 368 U.S. 487, 494–495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473, it was said "The factual allegations contained in the petitioner's motion and affidavit, and put in issue by the affidavit filed with the Government's response, related primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light." It was further stated "We cannot agree with the Government that a hearing in this case would be futile because of the apparent lack of any eyewitnesses to the occurrences alleged, other than the petitioner himself and the Assistant United States Attorney."

The Court then pointed out that "What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense. Indeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner. Whether the petition in the present case can appropriately be disposed of without the presence of the petitioner at the hearing is a question to be resolved in the further proceedings in the District Court." Machibroda v. United States, supra, at 495–496, 82 S. Ct. 510 at 514.

Similarly, in Sanders v. United States, supra, at p. 20, 83 S.Ct. 1068, at p. 1080, it was said: "This is not to say, however, that it will automatically become necessary to produce petitioner at the hearing to enable him to testify. Not every colorable allegation entitles a federal prisoner to a trip to the sentencing court. Congress, recognizing the administrative burden involved in the transportation of prisoners to and from a hearing in the sentencing court, provided in § 2255 that the application may be entertained and determined 'without requiring the production of the prisoner at the hearing.' This does not mean that a prisoner can be prevented from testifying in support of a substantial claim where his testimony would be material. However, we think it clear that the sentencing court has discretion

to ascertain whether the claim is substantial before granting a full evidentiary hearing."

Further, the Court said: "Also, it will be open to the respondent to attempt to show that petitioner's failure to claim mental incompetency in his first motion was an abuse of the motion remedy within the principles of *Wong Doo* and Price v. Johnston, disentitling him to a hearing on the merits. We leave to the District Court, in its sound discretion, the question whether the issue of abuse of the motion remedy, if advanced by respondent, or the issue on the merits, can under the circumstances be tried without having the prisoner present." Sanders v. United States, supra, at page 21, 83 S.Ct. 1068, at page 1080.

Mr. Albert Ritchie of the Chicago Bar has rendered valuable service as court-appointed counsel, and we thank him for his painstaking preparation of briefs and his oral argument in this case.

Reversed and remanded for further proceedings not inconsistent with this opinion.