UNITED STATES, Appellee,

v.

Private E–1 James E. MACK, 078–56–2782, United States Army, Appellant.

ACMR 8600231.

U.S. Army Court of Military Review.

25 Sept. 1987.

For Appellant: Mr. David D. MacKnight, Esq. (argued), Captain Floyd T. Curry, JAGC, Captain Brian D. DiGiacomo, JAGC (on brief).

For Appellee: Captain Patrick A. Hewitt, JAGC (argued), Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Gary L. Hausken, JAGC (on brief).

Before COKER, CARMICHAEL, and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT
### ON REMAND

PER CURIAM:

This case is before the court on remand by the United States Court of Military Appeals pursuant to motion by the government. *United States v. Mack*, 24 M.J. 199 (C.M.A.1987). On 28 November 1986 this case was submitted upon its merits to the court, and on 8 December 1986 the findings and sentence were affirmed. Appellant's petition for a grant of review was supplemented by allegations of several errors raised for the first time in the appellate process. The case was remanded to permit this court to review the allegations.

Contrary to his plea, appellant was convicted *in absentia* by a general court-martial composed of officer members of wrongful distribution of 95 grams of marijuana on 20 March 1986 and wrongful possession of two marijuana cigarettes on 24 March

1986. He was sentenced to a bad-conduct discharge, confinement for two years, and total forfeitures. The convening authority approved the sentence.

Of the several errors alleged by appellant[1], only two warrant discussion: failure to receive effective assistance of counsel and improper admission of evidence of uncharged misconduct.

On proffer into evidence of appellant's confession by the government, the only objection made by defense counsel was to the lack of corroboration. The objection was summarily overruled and the statement admitted into evidence by the military judge. This exchange occurred only moments after a side bar conference in which the military judge, on his own initiative, three times pointed out to the trial counsel that objections to a defective confession must be made prior to arraignment or they are waived. No objections had been so raised by defense counsel. The statement contained extensive information concerning the sale and use of marijuana and "speeders" (caffeine pills) by appellant over the preceding four months. Subsequently the military judge admitted into evidence, over defense counsel objection, the photograph of and laboratory report analyzing some two dozen caffeine pills that, in addition to the marijuana cigarettes, had been seized from appellant at his apprehension on 24 March 1986. In argument on findings, trial counsel emphasized appellant's drug dealing, pointing out that the 24 March possession was a continuation of the 20 March distribution. The military judge instructed the members to consider all evidence admitted, but that the statement concerning prior sale of marijuana could be considered only for purposes of identification and awareness of guilt by appellant.

During sentencing proceedings, trial counsel was permitted to present rebuttal testimony, again over defense objection, concerning the drug use and life style of appellant's wife. In argument on sentencing, trial counsel repeatedly stressed the criminal nature of the life style of appellant and his family.

Objection to the admission of evidence on the basis of relevancy under Manual for Courts-Martial, United States, 1984, Mil.R.Evid. 402, need not be made prior to submission of a plea. The requirements imposed by Mil.R.Evid. 304(d)(2)(A)[2] do not apply either to the failure of corroboration under Mil.R.Evid. 304(g) or to the restricted use of evidence showing other crimes or acts under Mil.R.Evid. 404(b). The military judge's colloquy with the trial counsel and his immediate and summary overruling of the defense objection indicate a possible extension by the military judge of Mil.R. Evid. 304 to all objections concerning the confession of an accused. The admission of that portion of the confession referring to prior marijuana sales, the possession of caffeine pills[3] and the sale of such pills was error unless admitted for the specific purposes of showing intent, state of mind, or identity. *United States v. Brooks*, 22 M.J. 441 (C.M.A.1986). Even if initially admissible for limited purposes, such evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice. Mil.R.Evid. 403; *United States v. White*, 23 M.J. 84 (C.M.A. 1986). In the case before the court, the military judge gave no cautionary instructions on the evidence concerning caffeine pills and, as to the prior marijuana sales, there is no basis in the record for using such evidence to show identity or aware-

---

1. The other assigned errors are: lack of *in personam* jurisdiction; failure to corroborate appellant's confession; failure to provide a witness at the Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832 (1982) [hereinafter UCMJ], investigation; failure to raise the defense of entrapment; and disqualification of the convening authority and the staff judge advocate to review their prior actions, relative to the jurisdiction issue.

2. Under this rule, motions to suppress or objections to confessions normally are waived by the defense unless made prior to the entry of a plea.

3. Possession and sale of caffeine pills is not illegal. Frequently, however, this type of act is associated with dealing in illegal drugs. All too often the sale of caffeine pills, purported to be an amphetamine by the seller, has resulted in charges of larceny ("by trick") in violation of Article 121, UCMJ, 10 U.S.C. § 921.

ness of guilt, as neither had been put in issue. Moreover, the evidence regarding appellant's wife's marijuana use and her alleged life style was irrelevant and inflammatory. We find that the questioned evidence was of no probative value to the court but that it did present a clear danger of unfair prejudice. *See United States v. Rappaport,* 22 M.J. 445 (C.M.A.1986).

We must now consider whether the above errors materially prejudiced a substantial right of the appellant. UCMJ art. 59(a), 10 U.S.C. § 859(a). Because the errors were not of constitutional dimension, the errors "may be found harmless only upon the determination either that the finder of fact was not influenced by [them], or that the error[s] had but a slight effect on the resolution of the issues of the case." *United States v. Barnes,* 8 M.J. 115, 116 (C.M.A.1979). In making this determination, we must consider all admissible evidence produced at trial. We find as fact, UCMJ art. 66(c), 10 U.S.C. § 866(c), that there is more than sufficient evidence, disregarding the inadmissible portions of appellant's confession, and the photograph of and laboratory report concerning the caffeine pills, to sustain the convictions, and that the inadmissible evidence had but a slight effect on the resolution of the issues of the case. Testimony of the military police investigator (MPI), the laboratory reports, and the admissible portions of appellant's confession conclusively establish appellant's guilt beyond a reasonable doubt. However, unfair prejudice did occur as to the sentence. The inadmissible evidence would tend to evince a "bad man in a bad life." In reassessing the sentence we are convinced that, if the prejudicial error had not been made, the court would have imposed a sentence including at least a punitive discharge, confinement for eighteen months and total forfeitures. *United States v. Sales,* 22 M.J. 305 (C.M.A.1986).

By virtue of Article 27, UCMJ, 10 U.S.C. § 827, and the sixth amendment of the Constitution, a military accused is guaranteed the effective assistance of counsel. The two-pronged test established in *Strickland v. Washington,* 466 U.S. 668,

104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is the standard for determining the ineffectiveness of counsel in trials by court-martial. *United States v. Scott,* 24 M.J. 186 (C.M.A. 1987). Appellant contends that ineffectiveness of counsel is demonstrated primarily by the inadequate efforts to secure appellant's release from active duty and the failure to raise the defense of entrapment. Appellant was advised, and twice properly requested release from active duty. Advice was sought from the United States Army Military Personnel Center. Counsel formally requested discharge on behalf of appellant, presented extensive documents and evidence in a pretrial motion, and finally petitioned for extraordinary relief to the Court of Military Appeals. *Mack v. Woodward,* 23 M.J. 44 (C.M.A.1986) (petition for extraordinary relief denied). We find no ineffectiveness of counsel here.

Further, the discussion in the preceding paragraphs regarding uncharged misconduct leads to the inescapable conclusion that there was no defense of entrapment reasonably available to appellant. His confession and the MPI's testimony establish appellant's determined prior involvement in the use and sale of marijuana. This evidence would have been admissible on the merits as rebuttal of an entrapment defense. Thus, we are satisfied that trial defense counsel's performance was not deficient and that he effectively represented appellant throughout the proceedings.

We also have considered the remaining assignments of error and find them to be without merit.

The findings of guilty are again affirmed.

Reassessing the sentence on the basis of the error noted and the entire record, we affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for eighteen months, and forfeiture of all pay and allowances for eighteen months.