**UNITED STATES, Appellee,**

v.

**Private E1 Michael W. KING, 437–94–2692, United States Army, Appellant.**

**ACMR 8701093.**

U.S. Army Court of Military Review.

28 April 1989.

Released for Publication
on 23 May 1989.

For Appellant: Chuck R. Pardue, Esquire, Major Marion E. Winter, JAGC, Captain Ralph L. Gonzalez, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC (on brief).

Before DeFORD, KENNETT and WERNER, Appellate Military Judges.

MEMORANDUM OPINION ON FURTHER REVIEW

WERNER, Judge:

The appellant was convicted of forcible sodomy of another soldier, aggravated assault with a dangerous weapon and violation of a lawful general regulation by possessing a switchblade knife in violation of Articles 92, 125, and 128 of the Uniform Code of Military Justice, 10 U.S.C. §§ 892, 925 and 928 (1982). His approved sentence included a dishonorable discharge, confinement for ten years, and forfeiture of all pay and allowances. This court affirmed the findings and sentence and denied appellant's petition for a new trial. *United States v. King*, 27 M.J. 545 (A.C.M.R.1988). The appellant subsequently filed an affidavit with this court alleging ineffective representation by one of his two defense counsel and petitioned for reconsideration of our decision. We treated appellant's petition as a request for leave to file a supplemental assignment of error and, in the interests of judicial economy, granted it. We have considered the matters raised by appellant and conclude that there is no merit to his allegations of inadequate representation.

Appellant has failed to demonstrate that his attorneys did not perform their duties with the requisite degree of skill and competence normally expected of a competent attorney under similar circumstances. Moreover, even assuming his counsel's efforts were ineffective, appellant has not shown how those inadequacies prejudiced the defense of his case. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Scott*, 24 M.J. 186 (C.M.A.1987); *United States v. Wheeler*, 18 M.J. 823 (A.C.M.R.1984), *affirmed* 22 M.J. 76 (C.M.A. 1986). Professional decisions by counsel which are tactically sound do not amount to ineffectiveness merely because they fail to achieve their intended aim. *United States v. Rivas*, 3 M.J. 282 (C.M.A.1977); *United*

*States v. Koonce,* 16 M.J. 660 (A.C.M.R.) *petition denied,* 17 M.J. 277 (C.M.A.1983). We will not second-guess a trial attorney merely because his decisions in the course of representing an accused were abortive. Neither precedent, nor Code of Professional Responsibility, nor sound policy considerations warrant such action. *See United States v. Hancock,* 49 C.M.R. 830 (A.C.M. R.1975); *United States v. Zuis,* 49 C.M.R. 150 (A.C.M.R.1974).

The evidence of record and the post-trial affidavits clearly support the conclusion that appellant was not ineffectively represented by his trial defense counsel. To the contrary, it is apparent that the decisions of which appellant complains were well-considered, carefully weighed, and finalized after consultation with the appellant. In several instances, the appellant rejected counsel's advice and they were constrained to comply with his wishes. Under the circumstances, we are unable to agree with his attack on their competence.

The decision of this Court in this case, dated 13 October 1988, is reaffirmed and remains in effect.

Judge KENNETT concurs.

DeFORD, Senior Judge, dissenting:

I write to express my concern for the processes which attend today's decision.

As Judge Werner has indicated, the appellant initially filed a brief on 31 March 1988, asserting a number of errors. We reviewed these issues as required by our legislative mandate and issued an opinion on 13 October 1988. On 2 November 1988, the appellant made application for further review of his case on an issue wholly extraneous and collateral to those previously asserted. My Brothers agreed to entertain appellant's supplemental assertion of error over my dissent.

Our Rules [1] permit an appellant to file before this court any assignment of error he or she may deem appropriate. Army Regulation 27-13, Military Justice: Courts

of Military Review Rules of Practice and Procedure (12 July 1985), Rule 15; *see* 22 M.J. at CXXXII. [hereinafter Rule 15]. In addition, an appellant is permitted to file a single brief in support of that assignment(s) of error, *see* Rule 15(b), and that brief is required to be filed within 30 days after appellate counsel has been notified of the receipt of the record of trial in the Office of The Judge Advocate General. Rule 15(c). The Rules do not authorize as a matter of right the filing of any further pleadings before this court during normal appellate review except in response to demands of the court.

My Brothers' decision to consider appellant's belated assertion of this allegation of error was, in large part, premised upon the habitual practice of the United States Court of Military Appeals to remand assertions of ineffective assistance of counsel, whether asserted personally or through defense appellate counsel, despite the failure of the appellant to raise the issue at the time the case is initially considered by this Court. Their concern was not unfounded. *See, e.g., United States v. Johnson,* 27 M.J. 459 (C.M.A.1988) (summary disposition); *United States v. Plunkett,* 27 M.J. 180 (C.M.A.1988) (summary disposition); *United States v. Salvhus,* 26 M.J. 66 (C.M.A. 1988) (summary disposition); *United States v. Mack,* 25 M.J. 519, 520–521 (A.C. M.R.1987); *United States v. Dupas,* 17 M.J. 689 (A.C.M.R.1983). Such cases enjoy the benefit of remand even when they are facially deficient in making out a *prima facie* case. *See, e.g., United States v. McGillis,* 27 M.J. 462 (C.M.A.1988) (summary disposition). In the interests of judicial economy, my Brothers decided to short-stop this pointless, circuitous process.

My concern lies, however, with the disservice such practice works on our otherwise orderly appellate processes. In effect, this practice amounts to nothing more than our entertaining successive appeals limited only by the ingenuity and imagination of appellate counsel. In most—if not

---

1. *See* Volume 22 of the Military Justice Reporter for a statement of the Rules of the Courts of

Military Review.

all of these cases—the order to remand the case includes an order setting aside the previous decision of this court. The net effect of this practice restores the benefits of military service to these various appellants and necessitates a *de novo* review in the absence of any showing of good cause. *See, e.g., United States v. McGillis, supra.* In this, government appellate counsel, through their inaction, abet the appellant and his counsel's recalcitrance. Consequently, the decisions of this court, through no fault, negligence, or dereliction of or by this court, do not enjoy any measure of finality.

We are not the first court to be plagued by such abusive, revolving-door practices. The writ of habeas corpus has also been the object of such abuse. To curb these abuses, the United States Supreme Court has ruled that withholding one of two grounds for relief on a petition for writ of habeas corpus "in some hope of being granted two hearings rather than one or for some other such reason" may be deemed a waiver of the right to a hearing on the issue withheld. *Sanders v. United States,* 373 U.S. 1, 18, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963). *See also Wong Doo v. United States,* 265 U.S. 239, 241, 44 S.Ct. 524, 525, 68 L.Ed. 999 (1924). Thus, Federal habeas procedure ordains that an "unexcused failure to assert a claim in a previous writ constitutes an abuse of the writ ... justifying dismissal." *Matthews v. Butler,* 833 F.2d 1165, 1170 (5th Cir. 1987). Thus, even a Federal habeas court devoted to issues of constitutional magnitude will impose a procedural default absent a showing of cause and prejudice. *Harris v. Reed,* —— U.S. ——, 109 S.Ct. 1038, 1052, 103 L.Ed.2d 308 (1989). In this, appellate defaults are evaluated under the same standards that are applied when an accused fails to preserve a claim at trial. *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 2655, 91 L.Ed.2d 397 (1986).

Our practice is, perhaps, even more susceptible to abuse. Appellate defense counsel are not obliged to raise every issue on appeal, *even though those issues may be nonfrivolous. Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

When an appellant chooses a counsel to manage and present his case, "law and tradition may allocate to counsel the power to make binding decisions" of strategy in many areas. *Cf. Faretta v. California,* 422 U.S. 806, 820, 848, 95 S.Ct. 2525, 2547, 45 L.Ed.2d 562 (1975). Yet, our appellate practice obliges this court to consider on remand from the Court of Military Appeals issues raised by both the appellant and by appellate counsel not asserted at the time of their initial right of review. This rule seems to adhere no matter how facially specious the issue may appear. *See, e.g., United States v. McGillis, supra.*

Today, the court has reviewed the case at bar for ineffectiveness of trial defense counsel, the basis for which the appellant asserts facts which were well-known to him and should have been well-known to his appellate defense counsel at the time he filed his initial pleading. No good cause for entertaining this untimely—and predominantly meretricious—assertion of error has been urged. This case is neither one where previously unknown facts have come to light nor one attended by an interim change in substantive law. When the appellant's brief was filed in support of this latest allegation, this court specifically ordered the appellant to "file with this Court his assignment(s) of error together with supporting affidavits, if any, specifying with particularity the deficiencies of trial defense counsel in light of the test announced in *Strickland v. Washington,* 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984)."

The pleading filed in response to this order specified several allegations of inactivity by counsel with regard to evidentiary matters. Most of the allegations of misfeasance by counsel do not constitute a misfeasance at all but are dictated by the military rules of evidence. At least one allegation is entirely specious. The remainder are best described as innocuous and, on their face, neither fall below the measure of competence of counsel nor would achieve a different result as to either findings or sentence if rehearing were ordered. In large part, appellant's allegations were

premised upon conclusory mischaracterizations of this court's previous opinion.

From these facts, I conclude that the issue was asserted with the intent to vex this court by an attempted subversion of our earlier opinion. The bottom line of today's decision is another example of a deliberate by-pass of the orderly procedures which govern the appellate process before this court.

However, as I noted, my brothers are fully aware as I am that, unlike the Article III Courts, the United States Court of Military Appeals would, in all probability, if faced with this assignment of alleged error, vacate our prior judgment and remand this issue for our consideration as was done in other cases in the past to include *United States v. McGillis, supra.*

Undoubtedly, the motivation for this practice is to insure that an appellant's claims are fully considered and to insure that every appellant is fully and ably represented at the trial level. However, the appropriateness of such a practice must be weighed against the detrimental side effects it creates.

First, such a practice defeats the well-recognized rule that an appellant must exhaust his remedies before the lowest court in which the relief sought could be given.

Secondly, it protracts proceedings and undermines the finality of this court's judgments. There is societal interest in having appeals determined at the earliest and most appropriate time. A revolving-door approach to appellate review of criminal convictions undermines public confidence in the system and the decisions of the courts in that system. It also multiplies the public cost of appellate review and protracts litigation to the detriment of other pending cases which suffer delay as a consequence of such a practice.

Finally, as previously noted, it encourages and permits counsel, if so inclined, to obtain successive appeals and to postpone for their clients the execution of some of the penalties which the law has imposed upon them both at added public expense. Each of the foregoing concerns has been recognized as detrimental to the Federal habeas corpus practice. *See Murray v. Carrier, supra; Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984); *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); and *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). This remedy is yet available to this appellant.

Clearly, the detrimental side effects of such a practice outweigh the benefits achieved by permitting such a course of action.

Although my Brother judges are probably correct in entertaining this issue in light of our current practice, I am unable to accept the premise upon which their consideration is based and would require an order of remand from the United States Court of Military Appeals. I would hope that the United States Court of Military Appeals would reconsider their practice of permitting an appellant to raise for the first time such issues when they have already enjoyed a full opportunity to litigate that issue before the Court of Military Review.

Accordingly, I respectfully dissent from the court's judgment today.