25 F.3d 1057
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael W. KING, Petitioner-Appellant,
v.
Col. Larry B. BERRONG, Jr., Commandant, USDB, Respondent-Appellee.
 No. 93-3103.
 United States Court of Appeals, Tenth Circuit.
 May 2, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK and McKAY, Circuit Judges, and BROWN,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Michael King appeals from an order of the district court denying his petition for habeas corpus. Mr. King seeks relief from his conviction, by general court-martial, of forcible sodomy and aggravated assault on a fellow soldier while the two were serving in West Germany.
 
 
 4
 In the petition, Mr. King challenged his conviction in four respects:
 
 
 5
 (1) withholding of exculpatory evidence requested by the defense;
 
 
 6
 (2) ineffective assistance of counsel, including, among other things, the failure to challenge a member of the court-martial who had prior knowledge of petitioner and the victim;
 
 
 7
 (3) improper denial of a petition for new trial based on newly discovered evidence discrediting the testimony of the victim;
 
 
 8
 (4) insufficiency of the evidence offered to prove the elements of the offenses charged
 
 
 9
 R. Vol. I tab 9. The district court determined that these predominately factual issues had all been fully and fairly considered by the military courts and dismissed the petition accordingly, relying on Khan v. Hart, 943 F.2d 1261 (10th Cir.1991), Dodson v. Zelez, 917 F.2d 1250 (10th Cir.1990), and Watson v. McCotter, 782 F.2d 143 (10th Cir.), cert. denied, 476 U.S. 1184 (1986). R. Vol. I tab 14. On de novo review, see Khan, 943 F.2d at 1262, we agree with the district court's determination and affirm.
 
 
 10
 This court recently reconfirmed the limited scope of habeas review of military convictions in Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808 (10th Cir.1993), cert. denied, --- S.Ct. ---, 1993 WL 417884 (1994):
 
 
 11
 [I]f the military gave full and fair consideration to claims asserted in a federal habeas corpus petition, the petition should be denied [without reaching the merits]. Only when the military has not given a petitioner's claims full and fair consideration does the scope of review by the federal civil court expand.
 
 
 12
 ....
 
 
 13
 [Accordingly,] ... review by a federal district court of a military conviction is appropriate only if the following four conditions are met: (1)the asserted error is of substantial constitutional dimension; (2)the issue is one of law rather than of disputed fact already determined by the military tribunal; (3)there are no military considerations that warrant different treatment of constitutional claims; and (4)the military courts failed to give adequate consideration to the issues involved or failed to apply proper legal standards.
 
 
 14
 Id. at 811 (explaining Dodson ). Furthermore, we noted that " '[w]hen an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not find the issue meritorious or requiring discussion.' " Id. at 812 n. 2 (quoting Watson, 782 F.2d at 145).
 
 
 15
 The opinion of the United States Army Court of Military Review (ACMR) on Mr. King's direct appeal, United States v. King, 27 M.J. 545 (A.C.M.R.1988), reflects thorough consideration, and an essentially factual resolution, of the first, third, and fourth grounds asserted in the petition, see id. 548-550. The remaining issue, regarding counsel's effectiveness, was raised through a supplemental assignment of error, which the ACMR expressly considered on the merits and rejected under the legal standard established in Strickland v. Washington, 466 U.S. 668 (1984). See United States v. King, 28 M.J. 855 (A.C.M.R.1989). Mr. King's forty-page petition for grant of review of these adverse decisions was denied by summary order of the United States Military Court of Appeals (USMCA). See R. Vol. I tab 8, attachments 16, 17. Without commenting on the particular results reached, we note that the reasoned decisions issued by the ACMR exemplify, indeed exceed, what our case law envisions full and fair military court review to entail, while the USMCA's thoroughly informed, albeit summary, disposition satisfies the minimum condition for fair consideration quoted from Dodson above.
 
 
 16
 On this appeal, Mr. King vigorously argues the merits of the various rulings made by the military courts in his case, but fails to engage the threshold determination regarding the scope of habeas review that led the district court to dismiss the petition. On this critical point, we are provided only the last-minute, conclusory assertion that his claims were not fully and fairly considered as required by Dodson. See Appellant's Opening Br. at 20. Such perfunctory argument--plainly belied by the published analyses of the ACMR, which, as noted, reflect explicit and legally appropriate consideration of the claims raised herein--does not persuade us of any error in the district court's assessment of the petition.
 
 
 17
 The judgment of the United States District Court for the District of Kansas is AFFIRMED for substantially the reasons stated in the court's memorandum and order of dismissal. Appellant's motion to reconsider the appointment of counsel is denied.
 
 
 18
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation