**Donald Ray BENNETT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17121.**

United States Court of Appeals
Seventh Circuit.

July 23, 1969.

Rehearing Denied Aug. 21, 1969.

Donald Ray Bennett, Stanley B. Block, Chicago, Ill., for appellant.

Alfred W. Moellering, U. S. Atty., Joseph F. Eichhorn, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before CASTLE, Chief Judge, and KILEY, Circuit Judge and WISE, District Judge.

CASTLE, Chief Judge.

Petitioner appeals from the denial by the district court, without a hearing, of his motion to vacate his sentence, filed pursuant to 28 U.S.C. § 2255.[1] Petitioner alleges that various errors occurred at his arraignment, at which he and his co-defendant waived the right to counsel and indictment and pleaded guilty to the charge of assaulting and putting in jeopardy the lives of three individuals while robbing a national bank of approximately $9,890.50, in violation of 18 U.S.C. § 2113(d). Petitioner had previously filed two other § 2255 motions which were also denied without hearings. In all three cases, the district judge, who had presided at petitioner's arraignment, reviewed the record and decided that the files and records showed conclusively that petitioner was not entitled to relief. While petitioner did not appeal from the first two denials, the third § 2255 motion reasserted, albeit in general terms, the allegations made in the first two.

I

Petitioner first contends that he was entitled to a hearing on his allegation, contained only in his third § 2255 motion, that, at the arraignment, he was mentally incompetent due to the fact that he had taken drugs (paragoric) shortly before the arraignment was held.[2] The Government contends that since petitioner waited until his third § 2255 motion to assert that he was under the influence of drugs, he has waived his right to a hearing on this allegation. Both parties rely heavily on Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

In Sanders, the Supreme Court reaffirmed the inapplicability of res judicata to habeas corpus proceedings and § 2255 motions. "Conventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged." 373 U.S. at 8, 83 S.Ct. at 1073. The Court noted, however, that in dealing with successive motions, denial without a hearing may be proper "even though a second or successive application states a claim for relief." Id. The Court dis-

---

1. § 2255 provides in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

2. Petitioner also swore that two witnesses, including his co-defendant, would testify as to the truth of this allegation.

cussed the situation where a prisoner sought to retry a claim previously considered and decided against him. See Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989 (1924).

The Court then dealt with the case where a successive application for collateral relief asserted a ground which had not been raised in the prior applications. In discussing Wong Dòo v. United States, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999 (1924), the Court concluded that a "prisoner who on a prior motion under § 2255 has deliberately withheld a ground for relief need not be heard if he asserts that ground in a successive motion; his action is inequitable—an abuse of the remedy—and the court may in its discretion deny him a hearing." 373 U.S. at 10, 83 S.Ct. at 1073. The Court further stated, regarding abuse of remedy:

"Thus for example, if a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application, in the hope of being granted two hearings rather than one or for some other such reason, he may be deemed to have waived his right to a hearing on a second application presenting the withheld ground. The same may be true if, as in Wong Doo, the prisoner deliberately abandons one of his grounds at the first hearing. Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation, or to entertain collateral proceedings whose only purpose is to vex, harass, or delay." 373 U.S. at 18, 83 S.Ct. at 1078.

The Court held that Sanders was entitled to a hearing on his second § 2255 motion on the allegation of the influence of drugs—which had not been raised in his prior motion—since the denial of the first motion was not on the merits, but was "merely a ruling that petitioner's pleading was deficient." 373 U.S. at 19, 83 S.Ct. at 1079. The Court then stated that the record in that case could not "conclusively show" that Sanders was entitled to no relief, and that even though the same judge who presided at the hearing at which the petitioner made the waiver also passed on the § 2255 motions, the brief appearance, without counsel, before that judge raised the possibility that the influence of narcotics might not have been apparent to the district court. The Supreme Court also noted the fact that the trial judge was aware of Sanders' prior history of drug addiction and treatment while in jail.

While we feel that there is merit in the Government's argument that the district court in the instant case could have justifiably dismissed petitioner's third § 2255 motion on the ground that petitioner was abusing the remedy by not having raised the allegation of drug influence in either of his two previous motions—a fact about which petitioner would have known when he filed those motions—since the district court did not rely on this ground in denying the third motion, we shall deal with the merits. We also note that Sanders held that the Government has the burden of proving abuse of the remedy, 373 U.S. at 17, 83 S.Ct. 1068, and the record in the instant case is devoid of any indication that the Government met such burden.[3]

Petitioner argues that Sanders requires a hearing in all cases where a petitioner alleges, in a habeas corpus application or a § 2255 motion, that he was under the influence of drugs at his arraignment, trial, or other hearing where a waiver of rights was made. We do not read Sanders as requiring such an inflexible rule. Each case must still be decided on its own facts, in light of the record before the court.

In a memorandum opinion, the court below reviewed the record and decided that the allegation was untrue and that petitioner was conclusively entitled to no relief for three reasons: (1) Petitioner had been incarcerated in a federally-

3. In fact, it appears that the Government was not required to reply to petitioner's motion in the district court.

approved institution for about one week prior to the arraignment; (2) The court "interrogated the petitioner concerning the use of any drugs or narcotics [as well as alcohol] within 48 hours prior to the arraignment, and the defendant, Bennett, [as well as his co-defendant] indicated on the record unequivocally that he had not"; (3) "The entire transcript reflects coherent, responsive, and intelligent replies from the petitioner in all regards."

Petitioner relies on Sanders and Coates v. United States, 106 U.S.App. D.C. 389, 273 F.2d 514 (1959) for the proposition that a district judge could never rely on the record or his recollection of a defendant's demeanor in denying a motion to vacate without holding a hearing. However, in *Sanders,* the petitioner was a known addict who was, admittedly, undergoing treatment at the time of his arraignment. That this distinction is meaningful is demonstrated by the Court's comment on the fact that Sanders asked to be sent to a hospital for treatment. After stating that the petitioner's response to the judge's inquiries could not "conclusively show" that the petitioner was entitled to no relief, the Court said: "If anything, his request before sentence that the judge send him to a hospital 'for addiction cure' cuts the other way. Moreover, we are advised in the Government's brief that the probation officer's report made to the judge before sentence * * * disclosed that petitioner received medical treatment for withdrawal symptoms while he was in jail prior to sentencing." 373 U.S. at 20, 83 S.Ct. at 1079. This last statement indicates the Court's awareness of the strong possibility that petitioner had been taking drugs while incarcerated.

Similarly, in *Coates,* the sentencing judge was made aware of the defendant's narcotic addiction, and in fact knew that the defendant had taken narcotics the morning of the hearing and would "soon" begin to suffer withdrawal symptoms.[4] Moreover, the Court of Ap-

peals found that the trial judge's inquiries of the defendant as to his understanding of the guilty plea "seemed to us to have fallen far short of that 'penetrating and comprehensive examination of all the circumstances' which this situation required. Cf. Von Moltke v. Gillies, 1948, 332 U.S. 708, 724, 68 S.Ct. 316, 92 L.Ed. 309 * * * and Fed. R.Crim.P. 11, 18 U.S.C." 273 F.2d at 516, n. 4.

■ In the instant case, however, as will be discussed later in this opinion, the district court's inquiry into the voluntariness of petitioner's plea met the standards required, at that time, by Rule 11 Fed.Rules Crim.Proc. Moreover, there was no indication, other than petitioner's bare allegation, over six months later, of any drug-taking. Perhaps, standing alone, neither petitioner's demeanor, the fact of prior incarceration, nor petitioner's answers to the inquiries of the court would justify the denial of an evidentiary hearing upon an allegation that petitioner was under the influence of drugs at his arraignment. But combined—with the absence of any indication of drug-taking at the arraignment—these facts are overwhelming.

We also note that, as distinguished from the *Sanders* and *Coates* cases, petitioner's appearance before the district court was not brief. Rather, the court conducted a full, lengthy hearing at the time petitioner and his codefendant were arraigned, at which the district judge had ample time to observe and examine the men standing before him. This same judge, who had arraigned petitioner only eight months before, would have been well-justified, on the basis of the above factors, in disbelieving the testimony of petitioner's fellow-prisoners had that testimony contained what petitioner alleged it would. See Rule 52(a), Fed.Rules Civil Proc.

No medical testimony was offered by petitioner in his motion, nor does it ap-

---

4. These findings were made by the Chief of the Legal Psychiatric Services Division of the District of Columbia. 273 F.2d at 515.

pear that any would have been available. Nor is there any allegation or indication of any prior history of drug use by petitioner. Under these circumstances, we hold that the district court was correct in denying this allegation contained in petitioner's third § 2255 motion.

## II

Petitioner's second contention is that he is entitled to a hearing on the allegation that his guilty plea was made without a real understanding of the charge against him. Petitioner asserts that the district judge, at the arraignment, did not comply with Rule 11, Federal Rules Criminal Procedure, in that the court allegedly did not advise petitioner of the elements of the crime, possible defenses, possible circumstances in mitigation, the possibility of separate trials, the burden of proof that the Government would be held to had there been a jury trial, or that the jury's verdict must be unanimous. As a result, petitioner claims he pled guilty to a charge which carried a higher maximum penalty than that with which he thought he had been charged.

Initially, this contention was made by petitioner in his first § 2255 motion which was denied by the district court in a lengthy memorandum opinion. No appeal was taken from that decision, and it became final. Thus, the district court was correct in refusing to rule upon this contention in the later motions. 28 U.S.C. § 2255. As the Supreme Court stated in *Sanders, supra,* 373 U.S. at 9, 83 S.Ct. at 1074, " * * * nothing in § 2255 requires that a sentencing court grant a hearing on a successive motion alleging a ground for relief already fully considered on a prior motion and decided against the prisoner." The Court then set out the circumstances in which a district court could deny a successive motion without a hearing:

"Controlling weight may be given to denial of a prior application for fed-eral habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." 373 U.S. at 15, 83 S.Ct. at 1077.

Since all three criteria were present in the instant case, we are of the opinion that the district court acted within its discretion in denying petitioner's contention, in the later motions, that he was not properly advised of the charge against him.

Moreover, a review of the record establishes that petitioner's contention is without merit. During the arraignment of petitioner and his co-defendant, the district court, before accepting the guilty pleas, directed the United States Attorney to read the information which contained all elements of the crime, including assaulting and putting the lives of named persons in jeopardy. The Court repeatedly advised both defendants of their "right to require the Government to submit this matter to a Federal Grand Jury," and repeatedly mentioned the maximum sentence of 25 years and the seriousness of the crime. Petitioner and his co-defendant were at every stage of the proceeding advised of their right to counsel and told later in the proceedings that they could change their minds and have an attorney appointed without cost to them. Each defendant stated that he had previously had the advice of counsel and was aware of the services provided by an attorney. In light of the above facts, we find petitioner's contention that he believed he was pleading guilty only to simple bank robbery under 18 U.S.C. § 2113(a) or (b)—as allegedly evidenced by his response to the court's inquiry that he "robbed a bank" without mentioning all the elements in § 2113 (d)—to be wholly unsupported by the record and without merit. Thus, the

cases cited by petitioner,[5] while containing correct statements of the law, are factually inapposite to the case at bar. We hold that the district court did not err in deciding that the files and records of the case conclusively showed that petitioner was entitled to no relief.

### III

Petitioner next contends that he is entitled to an evidentiary hearing on the assertion, allegedly contained in his second § 2255 motion, that his guilty plea was improperly induced by the promise of a Federal Bureau of Investigation agent that if petitioner pled guilty several serious state charges would be dropped.

■ We note that the statements regarding the alleged inducement were made by petitioner, not in the motion form as a ground for relief, but in the supporting pro se brief accompanying the motion. Moreover, the conduct of the F.B.I. agent was not alleged as error but was mentioned incidentally in petitioner's right-to-counsel argument.[6] Accordingly, the district court did not consider this contention in its denial of the second § 2255 motion.[7] While petitioner did not appeal from the denial of that motion, we are of the opinion that, since this specific contention was not dealt with by the district court, the issue has neither been foreclosed from being adequately raised in a subsequent motion nor is it properly before this Court at this time. See Sanders v. United States, *supra,* 373 U.S. at 15, 83 S.Ct. 1068.

### IV

■ Petitioner's last contention is that he is entitled to a hearing on the allegation, contained in his second § 2255 motion, that he was denied his right to counsel at arraignment. Petitioner claims that the district judge failed to "adequately discharge his serious responsibility in determining whether appellant Bennett was making an intelligent and competent—and therefore valid—waiver of his right to counsel." Petitioner alleges that he waived this right on the basis of his belief that because he was a fugitive—having escaped from a state penal institution—he was not entitled to free court-appointed counsel.[8]

Petitioner, in his reply brief, cites the recent case of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), in which stricter standards than had theretofore existed were established for the acceptance of guilty pleas under Rule 11, Fed.Rules Crim.Proc. However, in Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (May 5, 1969), the Supreme Court held that *McCarthy* did not apply retroactively to guilty pleas accepted before April 2, 1969. Thus, we must look to the law as it stood before the *McCarthy* decision.

■ The right of a criminal defendant to counsel throughout all critical stages of the proceedings against him is undisputed. Rule 44(a), Fed.Rules Crim.Proc. Moreover, it is the duty of the district court to determine "whether there is an intelligent and com-

---

5. Smith v. O'Grady, 312 U.S. 329, 334, 61 S.Ct. 572, 85 L.Ed. 859 (1941); United States v. Lester, 247 F.2d 496 (2d Cir. 1957); United States v. Davis, 212 F.2d 264 (7th Cir. 1954).

6. Reference to the incident was made in only two sentences, some ten pages apart, in a 25 page brief.

7. In its memorandum opinion, the district court stated: "Essentially, petitioner makes two contentions. Petitioner contends that he was not fully advised of his right to counsel and that he did not

understand the nature of the charge against him. * * *"

8. We reiterate our position, stated under point II, supra, regarding the fact that this contention was contained in the second § 2255 motion, which was denied and from which no appeal was taken. Thus, the district court was justified in not considering this contention in the third motion, which is the only one properly before this Court. We feel, however, that a discussion of the merits is appropriate.

petent waiver [of the right to counsel] by the accused." Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Since there is a strong presumption against such a waiver,

> "a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." Von Moltke v. Gillies, 332 U.S. 708, 723–724, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948).

Thus, the inquiry which must be conducted by the district court must include a determination of the capacity of the accused to make a valid waiver and his intelligent and understanding rejection of an offer of counsel made by the court. See Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); Day v. United States, 357 F.2d 907 (7th Cir. 1966).

An examination of the 19 page transcript of petitioner's arraignment and sentencing reveals that the district court discharged its duty in informing both petitioner and his co-defendant of their right to counsel.

The district judge thoroughly advised both defendants that they had a right to retained counsel or, if they could not afford to hire an attorney, to free court-appointed counsel. Both defendants indicated that they did not want an attorney. The court, after determining that petitioner and his co-defendant had, respectively, ten and eleven years of schooling, then explained the seriousness of the charge and the possibility of a 25 year sentence. Both defendants, in response to the court's inquiry, indicated that they had had a lawyer in the past and understood the function of an attorney, and that no promises or threats had been made regarding the retaining of counsel.

The court then explained to the defendants their right to require the Government to submit the case to a Grand Jury and obtain an indictment, rather than proceed on an information. After the defendants indicated that they wished to waive their right to an indictment, the court proceeded to submit the appropriate waiver forms to them. At this time, the court again explained that the defendants had a right to counsel and that they could "change [their] mind[s] right now and I will appoint an attorney." The United States Attorney then read the form and, after being asked by the court if he still desired to waive his right to "free counsel appointed by this court to defend" him, petitioner signed the form. After an explanation by the court of the right to trial by jury, the defendants pleaded guilty. At sentencing, six days later, the court again explained defendants' right to counsel and both defendants confirmed their earlier waiver.

In light of this record, petitioner's allegation that he did not believe he was entitled to counsel because of his fugitive status is incredible. Rather, the record indicates that adequate warnings were given by the court, after which petitioner knowingly and voluntarily waived his right to counsel. The district court fulfilled its duty to assure itself that petitioner's waiver of his right to counsel was intelligently and voluntarily made. The district court was therefore correct in denying, with-

out a hearing, petitioner's second motion to vacate sentence.

Accordingly, the judgment below is affirmed.

The Court expresses its appreciation to Mr. Stanley B. Block of the Chicago, Illinois bar, for his excellent services on appeal as court-appointed counsel for petitioner.

Affirmed.