**Theodore E. LOWE, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 17422.

United States Court of Appeals
Seventh Circuit.

Oct. 24, 1969.

Robert E. Poynter, Bennett & Boehning, Lafayette, Ind., for appellant.

Alfred W. Moellering, U. S. Atty., Fort Wayne, Ind., for appellee.

Before CASTLE, Chief Judge, KNOCH, Senior Circuit Judge, and KILEY, Circuit Judge.

CASTLE, Chief Judge.

Petitioner appeals from the denial by the district court, after an evidentiary hearing, of his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. Petitioner and his co-defendant, Donald Ray Bennett, were charged by information with assaulting and putting in jeopardy the lives of three people while robbing a national bank in violation of 18 U.S.C. § 2113(d). At their arraignment both petitioner and his co-defendant waived, by signing the appropriate forms, their right to require the Government to obtain an indictment and their right to counsel, and entered pleas of guilty. At sentencing, petitioner and his co-defendant again were offered and waived counsel. This court recently ruled, upon co-defendant Bennett's appeal from the denial of his § 2255 motion, that the warnings given by the district court in the arraignment and sentencing hearings were legally adequate and that the waivers were valid. Bennett v. United States, 413 F.2d 237 (7th Cir. July 23, 1969).

Regarding the waiver of the right to counsel, we stated (413 F.2d at 243):

"The district judge thoroughly advised both defendants that they had a right to retained counsel or, if they could not afford to hire an attorney, to free court-appointed counsel. Both defendants indicated that they did not want an attorney. The court, after determining that petitioner and his co-defendant had, respectively, ten and eleven years of schooling, then explained the seriousness of the charge and the possibility of a 25 year sentence. Both defendants, in response to the court's inquiry, indicated that they had had a lawyer in the past and understood the function of an attorney, and that no promises or threats had been made regarding the retaining of counsel.

" * * * After the defendants indicated that they wished to waive their right to an indictment, the court proceeded to submit the ap-

propriate waiver forms to them. At this time, the court again explained that the defendants had a right to counsel and that they could 'change [their] mind[s] right now and I will appoint an attorney.' The United States Attorney then read the form and, after being asked by the court if he still desired to waive his right to 'free counsel appointed by this court to defend' him, petitioner signed the form. After an explanation by the court of the right to trial by jury, the defendants pleaded guilty. At sentencing, six days later, the court again explained defendants' right to counsel and both defendants confirmed their earlier waiver.

" * * * [T]he record indicates that adequate warnings were given by the court, after which petitioner knowingly and voluntarily waived his right to counsel. The district court fulfilled its duty to assure itself that petitioner's waiver of his right to counsel was intelligently and voluntarily made."

Petitioner Lowe does not quarrel with our holding in *Bennett*, which was published subsequent to the filing of his brief, but rather contends that the Fifth and Sixth Amendments to the Constitution require that "an accused consult with counsel, court-appointed if necessary and whether requested or not, when he is charged with a felony which carries a potential term of imprisonment of twenty-five (25) years before the accused can intelligently and understandingly waive his right to counsel." [1] Petitioner argues that in light of the

seriousness of the charge, the potential 25 year sentence,[2] the complexity of the statute under which he was charged, his age and education,[3] his inability to defend himself at trial, and "his very limited understanding of the function and duty of a lawyer appointed to represent the petitioner," [4] his waiver of counsel should be held ineffective and his conviction void.

■ We agree with petitioner that an arraignment is a critical stage of the criminal proceedings, see Rule 44 (a), Fed.Rules Crim.Proc., Massiah v. United States, 377 U.S. 201, 205, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964); Davis v. United States, 376 F.2d 535, 537 (5th Cir. 1967), United States v. Washington, 341 F.2d 277, 284, 9 A.L.R. 3d 448 (3rd Cir. 1965), cert. den., DeGregory v. United States, 382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 89 and that a criminal defendant need not always request an attorney in order to be accorded his right to representation by counsel. See Carnley v. Cochran, 369 U.S. 506, 515, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); Rice v. Olson, 324 U.S. 786, 788, 65 S.Ct. 989, 89 L.Ed. 1367 (1945). In *Rice*, the court reversed the conviction although the defendant did not request an attorney, where the trial court did not advise him of his right to make such a request. However, when the trial court, as in the instant case, repeatedly advises a defendant of his right to an attorney, court-appointed if necessary, and the defendant, as in the instant case, repeatedly and specifically declines to exercise this right, we are of the opinion that the Constitutional safe-

1. Petitioner's § 2255 motion alleged that he had pleaded guilty as the result of threats made to his family by the alleged guilty party, one Mike Weatherford. The district court held an extensive evidentiary hearing and heard the testimony of various witnesses and the petitioner. In a memorandum opinion, the court held that the factual contentions were without substance. Petitioner does not appeal from that holding.

2. Petitioner and his co-defendant were sentenced to 24 year terms.

3. Although petitioner had eleven years of education, most of it was in a reformatory and contained no legal training.

4. Petitioner testified at the evidentiary hearing that he believed the function of a lawyer was merely to "be present when [he] was sentenced" and to research the law of the case. Although he had been represented by court-appointed counsel in three prior criminal cases, these attorneys allegedly advised him to plead guilty, did not investigate the facts, and merely stood up when petitioner was sentenced.

guards have been satisfied. We disagree with petitioner's contention that a judge cannot adequately advise a defendant of his right to counsel. On the contrary, the cases compel the trial judge to discharge this important function. See Von Moltke v. Gillies, 332 U.S. 708, 723–724, 68 S.Ct. 316, 92 L.Ed. 309 (1948); Carnley v. Cochran, *supra*, 369 U.S. at 516, 82 S.Ct. 884.

The true import of petitioner's argument is contained in the following statement in his brief: "Given that a lawyer is essential to the trial of a felony charge, a waiver of such right cannot be valid or, for that matter, intelligently and understandingly made. * * * [I]t must be said that any waiver of the right to a counsel is void under the facts of this case for lack of intelligent understanding." We reject this argument on two grounds.

■ First, to compel a criminal defendant to be represented by counsel in all cases would conflict with his statutory and constitutional right to conduct and manage his own defense. 28 U.S.C. § 1654; Bayless v. United States, 381 F.2d 67, 71 (9th Cir. 1967); United States v. Plattner, 330 F.2d 271, 273 (2d Cir. 1964). In United States v. Washington, *supra*, 341 F.2d at 285, the court held: "A court cannot force services of an attorney upon a defendant against his wishes. * * * and the right [to counsel] does not justify forcing counsel upon an accused who wants none."[5] Indeed, a refusal to permit a defendant to represent himself may be such an error as would require reversal of his conviction, "even if no prejudice to [the defendant] were shown to have resulted from the refusal to permit him to act *pro se*." United States v. Plattner, *supra*, 330 F.2d at 273. See also Reynolds v. United States, 267 F.2d 235 (9th Cir. 1959). In short, the right is not

absolute. In appropriate circumstances, a defendant may voluntarily waive his constitutionally guaranteed right to counsel and proceed accordingly.

This brings us to our second point. Our opinion in *Bennett* held that the district court "discharged its duty in informing both [Bennett] and his co-defendant [petitioner Lowe] of their right to counsel." 413 F.2d at 243. Thus, the instant case is one in which the petitioner voluntarily and effectively exercised his right to waive counsel and proceed *pro se*. Accordingly, we affirm the judgment of the district court denying petitioner's motion to vacate sentence.

The Court expresses its appreciation to Mr. Robert E. Poynter of the Layfayette, Indiana bar, for his excellent services on appeal as court-appointed counsel for petitioner.

Affirmed.

---

5. The very language of Rule 44(a), Fed. Rules Crim.Proc., contemplates waiver in requiring the appointment of counsel "at every stage of the proceedings from his initial appearance before the commissioner or the court through appeal, unless he waives such appointment."