Garland JEFFERS, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. H 77–372.

United States District Court, N. D. Indiana, South Bend Division.

Dec. 5, 1978.

Garland Jeffers, pro se.

David T. Ready, U.S. Atty., South Bend, Ind., Richard A. Hanning, Asst. U.S. Atty., Hammond, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

On March 18, 1974, the Petitioner, Garland P. Jeffers, and 12 other individuals were charged in a one-count indictment in the United States District Court for the Northern District of Indiana under Cause Number H Cr 74–56 with conspiring over a two and a half year period to distribute heroin and cocaine in violation of Title 21, United States Code, Section 846. On that date, the Petitioner was also separately indicted under Cause Number H Cr 74–57 for having engaged during the same period in a continuing criminal narcotics enterprise, in violation of Title 21, United States Code, Section 848. The United States sought to consolidate the indictments for purposes of trial. The Petitioner at that time objected to consolidation on the grounds, among others, that the two offenses were not the same and that consolidation would be prejudicial. The District Court denied the Government's motion and ordered that the charges be tried separately.

In June 1974, after a jury trial, the Petitioner and six co-defendants were convicted as charged under the conspiracy indictment. The Petitioner was sentenced to fifteen years imprisonment, three years special parole term and a fine of $25,000.00. From that conviction and sentence, the Petitioner filed a direct appeal.

The principal question raised upon direct appeal by the attorneys who had acted as trial counsel was whether the failure of the defense counsel to conduct a thorough cross-examination of a former client who testified as a prosecution witness required reversal of that conviction, challenging as specific error the refusal of the Court to grant a motion to withdraw made by counsel because of a purported inability to cross-examine government witness, James Berry, because of an alleged conflict of interest resulting from that prior representation. The Seventh Circuit Court of Appeals affirmed, *United States v. Jeffers*, 520 F.2d 1256 (7th Cir. 1975), and the Supreme Court of the United States denied a Petition for Writ of Certiorari, *Jeffers v. United States*, 423 U.S. 1066, 96 S.Ct. 805, 46 L.Ed.2d 656 (1975).

The Petitioner, Garland P. Jeffers, and his co-defendants subsequently filed a motion pursuant to Title 28, United States Code, Section 2255 to set aside their convictions in that case on the principal ground of ineffective assistance of counsel. The Dis-

trict Court denied the Motion and the Court of Appeals affirmed (United States Court of Appeals for the Seventh Circuit Number 76–1532, unpublished opinion dated November 24, 1976). Petition for Writ of Certiorari was denied from that decision by the Supreme Court of the United States, Number 76–5974, court order dated March 21, 1977. In the first § 2255 Motion filed under that cause, the Petitioner and his co-defendants took a clue from the original appellate decision and attempted to charge their trial counsel with ineffective assistance of counsel. In view of the new allegations that are now made it is important to note the portion of the unpublished order of the Seventh Circuit in their review of the denial of the first § 2255 Motion:

"It is important to note, also, that when this Court said that: 'Misjudged his ethical responsibilities,' id. at 1266, it was not saying that: was an 'ineffective' counsel. Cohen's decision was based upon sound tactical reasons and although in hindsight it may have been an unwise strategy, it did not result in prejudicial error. Moreover, this Court stated elsewhere that the mere fact that 'an attorney is unable to pursue one line of inquiry does not mean, however, that the Defendant is receiving inadequate · representation' id. at 1265, and that it found Cohen's 'competence unchallenged and . . . demonstrated by the record' id. at 1263." *Garland Jeffers v. United States of America*, United States Court of Appeals for the Seventh Circuit, Number 76–1532, unpublished opinion at p. 3 (November 24, 1976)

In March 1975, after another jury trial, the Petitioner was convicted as charged under the continuing criminal enterprise indictment in Cause Number H Cr 75–57. Prior to that second trial, Jeffers, through his new court-appointed counsel, filed a Motion to dismiss the continuing criminal enterprise indictment on the grounds that it was barred by his conviction on the lesser included charge of conspiracy to distribute narcotics. The District Court denied that motion and the United States Court of Appeals for the Seventh Circuit affirmed, *United States v. Jeffers*, 532 F.2d 1101 (7th Cir. 1976), holding that while double jeopardy would have attached under traditional rules, *Iannelli v. United States*, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975), created a new exception. The Seventh Circuit held that *Iannelli* had established a "new double jeopardy approach towards complex statutory crimes", an approach that, in the Court's view, disregards earlier tests for identity of offenses and focuses instead on whether Congress intended the statutes in question to prohibit and punish different types of conduct. It concluded that under this new approach the second prosecution was permitted.

Jeffers then petitioned the Supreme Court of the United States for Writ of Certiorari which was granted by the Court, 429 U.S. 815, 97 S.Ct. 55, 50 L.Ed.2d 74 (1976). Although the Petitioner's Brief on Writ of Certiorari was unavailable to the United States Attorney at the time of this writing, it is clear from the Brief of the Solicitor General of the United States that Petitioner alternatively argued to the Supreme Court of the United States that he did not knowingly waive his double jeopardy rights under the standard enunciated in *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

The Supreme Court of the United States held in part:

"If the Defendant expressly asks for separate trials on the greater and lesser offenses, or, in conjunction with his opposition to trial together, fails to raise the issue that one offense might be a lesser included offense of the other, another exception to the Brown Rule [of double jeopardy] emerges . . . in this case, trial together of the conspiracy and continuing criminal enterprise charges could have taken place without undue prejudice to petitioner's Sixth Amendment right to a fair trial. . . . Nevertheless, petitioner did not adopt that course. Instead, *he was solely responsible for the successive prosecutions* for the conspiracy offense and the continuing criminal enterprise offense. Under the circumstances, we hold that his action deprived him of

any right that he might have had against consecutive trials. It follows, therefore, that the Government was entitled to prosecute petitioner for the § 848 offense . . . ." *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207 at 2217–18, 53 L.Ed.2d 168 (1977) (cites omitted; emphasis added)

On October 21, 1977, the Petitioner filed this motion under § 2255, Title 28 of the United States Code, to collaterally attack his convictions in the United States District Court for the Northern District of Indiana.

The Petitioner now seeks by this § 2255 Motion to challenge the waiver by claiming a denial of effective assistance of counsel. Additionally, he claims that by the alleged failure of the District Court and the Prosecutor to "discharge and perform their respective duties" in failing to advise him of the impact of his action in requesting separage trials upon his constitutional rights denied him a fair trial as guaranteed under the Constitution.

■ Under § 2255, Title 28 of the United States Code, a federal prisoner may seek habeas corpus relief on three specific grounds: that his sentence violates the Constitution, laws or treaties of the United States, that the Court lacked jurisdiction to impose sentence, or that the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255 (1970); see, *Davis v. United States*, 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *United States v. Hayman*, 342 U.S. 205, 219, 72 S.Ct. 263, 96 L.Ed. 232 (1952). The Petitioner raises neither of the two latter grounds. Rather, he attempts to claim a violation of his constitutional right to double jeopardy and to a fair trial, the latter complaint being a tortured construction of alleged error into constitutional proportions.

■ A motion to vacate a sentence under this section relating to collateral attack on federal convictions was not intended to broaden or narrow the scope of collateral attack available to a petitioner prior to the enactment of this section through Writs of Coram Nobis and Habeas Corpus. *United*

*States v. McNicholas*, 298 F.2d 914 (4th Cir. 1962), cert. den. 369 U.S. 878, 82 S.Ct. 1150, 8 L.Ed.2d 280 (1962). This section does not provide routine review of the convictions and sentences at the whim of a prisoner who is dissatisfied with his sentence but is available only in the extraordinary and unusual case. *Smith v. United States*, 277 F.Supp. 850 (Md.D.Ct.1967), aff'd 4th Cir., 401 F.2d 773. These principles are directly applicable to his claims directed to the claimed inaction of the District Court and the Prosecutor providing the basis for grounds two and three of his petition.

■ In summary, the Petitioner claims that both the Court and the Prosecutor were obliged to advise him of the impact of the decision to oppose the Motion for Joinder of causes for the purposes of trial as constituting a waiver of his right against double jeopardy. Presupposing such a duty to be imposed upon the District Court and the Prosecutor, it is only when there has been a denial of the substance of a fair trial that the validity of the proceedings may be collaterally attacked or questioned by a motion under the statutory review proceeding by a prisoner in federal custody. *United States v. Re*, 372 F.2d 641 (2d Cir. 1967), cert. den. 388 U.S. 912, 87 S.Ct. 2112, 18 L.Ed.2d 1352. Anything less than a matter so inherently prejudicial as to constitute a subversion of a fair trial would ordinarily represent a general trial instant, required to be challenged in proceedings on direct appeal from the conviction rather than by a Motion to Vacate the Sentence, *Ellis v. United States*, 353 F.2d 402 (8th Cir. 1965). The Petitioner does not attack the substance of the trial following which he was convicted of engaging in a criminal narcotics enterprise, let alone any action or course of conduct during the trial itself as being inherently prejudicial. Rather the Petitioner claims that he should not have been subjected to a second trial at all. Thus, his claim of error fails to fall within the constitutional rights he has sought to articulate with respect to the claimed inaction by the District Court or the Prosecutor.

The unpublished order of the Seventh Circuit on a prior § 2255 Motion of this Petitioner provides guidance disposition of this claim:

"Petitioners' suggestion that the trial judge should have made a record that they 'waived' their right to effective counsel at that point in the trial where the alleged 'conflict' situation arose is ludicrous. To force such an affirmative duty on a judge would result in his constantly interrupting he progress of a trial at each and every junction of a tactical decision."

Such unpublished order is a part of the law of this case.

Moreover, the Supreme Court of the United States disposed of this claim as to the duties of the District Court and the Prosecutor in their opinion on the direct appeal of this matter.

"Footnote 22. Petitioner's position is not strengthened merely because no one raised the multiple prosecution point during the first proceeding. Since the Government's posture throughout this case has been that § 846 and § 848 are separate offenses, it could not have been expected on its own to elect between them when its motion for trial together was denied. The right to have both charges resolved in one proceeding, if it exists, was petitioner's; it was therefore his responsibility to bring the issue to the District Court's attention." *Jeffers v. United States*, 97 S.Ct. 2207 at 2218 (1977).

Thus, not only has the issue now raised by the Defendant as to the Prosecutor and the District Court been resolved by an earlier decision in this matter and thus barred by principles of res judicata, the opinion of the Supreme Court establishes that the law is adverse to the Petitioner on this point.

The crux of the Petitioner's complaint is directed to the question of whether he received effective assistance of counsel, which in turn is based upon his claim that he did not personally, intelligently, knowingly and voluntarily waive his double jeopardy rights. Both aspects of the issue he raises

have been previously litigated. As indicated in the Statement of Facts, Jeffers has already attacked the competency of his trial counsel on a prior § 2255 Motion attacking his conviction under Hammond Criminal Number 74–56. As indicated by the quoted language, the Seventh Circuit Court of Appeals found the trial counsel, Mr. Max Cohen, to be both competent and effective in all respects, an opinion based upon the record of the entire proceedings, not affected by perhaps "tactical mistakes".

Secondly, the Supreme Court implicitly disposed of his argument founded upon the principles enunciated in *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. Although the Supreme Court's opinion does not explicitly state that they found the action of defense counsel directly attributable to the Petitioner, thus binding him to the tactical decision made by defense counsel, the Supreme Court did have before it this argument by the Defendant and the Government when it held "he was solely responsible for the successive prosecutions". *Jeffers*, 97 S.Ct. at 2218.

█ While the doctrine of res judicata is not applicable to motions under § 2255, *Bennett v. United States*, 413 F.2d 237 (7th Cir. 1969), the Supreme Court in *Sanders v. United States*, 373 U.S. 1, 10, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), has formulated basic rules to guide the lower federal courts in their interpretation of the statutory provision that the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner. The Court held in *Sanders* that controlling weight may be given to denial of a prior application for § 2255 relief if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application. Thus in *De Welles v. United States*, 372 F.2d 67 (7th Cir. 1967), cert. den. 388 U.S. 919, 87 S.Ct. 2140, 18 L.Ed.2d 1365, the Court of Appeals for this Circuit held that relitigation of the issues

presented at trial and on direct appeal, go under different labels or on expanded allegations that could have been made in the first instance, were not contemplated by § 2255. In that case the Seventh Circuit held that the Petitioner's prior claim on direct appeal that substituted counsel was not permitted sufficient time for the preparation of defense though a timely request for a continuance of the trial date was made, his subsequent claim on a § 2255 Motion that he was denied effective assistance of counsel were found to be the same and held that the District Court properly denied relief without affording the prisoner an evidentiary hearing. See, *DeMaro v. Willingham*, 401 F.2d 105 (7th Cir. 1968). Likewise, the Seventh Circuit held in *Bennett v. United States*, 413 F.2d 237 (7th Cir. 1969), cert. den. 397 U.S. 996, 90 S.Ct. 1136, 25 L.Ed.2d 404, that where a Petitioner's contentions were contained in a prior § 2255 Motion which was denied and that decision became final, the District Court was correct in refusing to rule upon those contentions in a later § 2255 Motion. But see, *Hilbrich v. United States*, 406 F.2d 850 (7th Cir. 1969), cert. den. 396 U.S. 936, 90 S.Ct. 271, 24 L.Ed.2d 236, where, although an earlier § 2255 Motion sought relief on the ground that the Petitioner's confession was obtained in violation of his constitutional rights, but on substantially different factual bases, of consideration of the merits of the petition must be made by the District Court.

The Petitioner having failed to carry forth his burden to show that the end of justice would be served by redetermination of this ground, *Sanders v. United States, supra*, it is within the power of this Court to deny this Petitioner's § 2255 Motion without a hearing. See, *Stephens v. United States*, 341 F.2d 100 (10th Cir. 1965).

In *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976), it states:

"The respondent characterizes a defendant's mistrial motion as a waiver of 'his right not to be placed twice in jeopardy' and argues that to be valid the waiver must meet the knowing, intelligent, and voluntary standards set forth in *Johnson v. Zerbst*. This approach erroneously treats the defendant's interest in going forward before the first jury as a constitutional right comparable to the right to counsel. It fails to recognize that the protection against the burden of multiple prosecutions underlying the constitutional prohibition against double jeopardy may be served by a mistrial declaration and the concomitant relinquishment of the opportunity to obtain a verdict from the first jury. This Court has implicitly rejected the contention . . ." *United States v. Dinitz, supra,* at 1081, fn. 11 (cites omitted).

In other words, unlike the right to counsel and other constitutional rights to which the *Johnson v. Zerbst* standard is applicable, the right to double jeopardy may be waived by defense counsel without inquiry of the defendant himself because other interests—i. e., the right of society— must be given consideration at the effective time of the waiver. Even if the *Johnson v. Zerbst* standard were otherwise applicable in double jeopardy cases, Petitioner's deliberate, tactical decision to oppose a single trial on both indictments would preclude him from invoking it. See, *Henry v. Mississippi*, 379 U.S. 443, 450–453, 85 S.Ct. 564, 13 L.Ed.2d 408.

On the basis of the foregoing, the Petitioner's request that this Court vacate and set aside all proceedings had in Cause Number H Cr 74–57 and order Jeffers released from all strain of said conviction be in all things denied without recourse to evidentiary hearing. So Ordered.